O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNA SUE SULLIVAN, Petitioner, v. SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE, Respondent. | NO. EDCV 14-1155-RT (MAN) ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

On April 7, 2014, Petitioner, a California prisoner, filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Northern District of California (Petition"). On June 3, 2014, the Petition was transferred to this district and filed on June 6, 2014.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." It plainly appears that the Petition is unexhausted.[1] Accordingly, Rule 4 summary dismissal is required.

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

**DISCUSSION**

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted her available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust her available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" her federal claims to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. See Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present her federal claims to the California Supreme Court. *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present her claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

Petitioner alleges that, following her guilty plea in Riverside County Superior Court Case No. SW1300303, on June 6, 2013, she was convicted and sentenced to 16 months in state prison. (Petition at 2-3.) She did not appeal her conviction or sentence. (*Id.* at 3.) However, she has filed several petitions in the trial court seeking a modification of her sentence, in which she apparently raised the same claims now alleged as habeas claims in the instant Petition. Petitioner

alleges that the trial court did not respond to her first petition and denied her second petition on February 19, 2013, and that she has filed a third such petition in the trial court, which is pending. (*Id.* at 4-5.)  She does not allege that she has raised her claims in the California Court of Appeal or the California Supreme Court.  (Petition, *passim*.)

The Court has reviewed the dockets for the California Court of Appeal and the California Supreme Court, which are available electronically,[2] and takes judicial notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence.  A search of those dockets shows that Petitioner has not filed *any* proceeding in the California Supreme Court or the California Court of Appeal.  Accordingly, the instant Petition is unexhausted, because Petitioner did not present her claims to the California Supreme Court before she sought federal habeas relief.  Because the Petition is fully unexhausted, it must be dismissed without prejudice.  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.[3]

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required, because it is unexhausted.  Accordingly, IT IS ORDERED that:  the Petition is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.[4]

---

[2]  *See* http://appellatecases.courtinfo.ca.gov.

[3]  Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed.  *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

[4]  On April 7, 2014, Petitioner filed a signed and dated "Consent Or Declination To Magistrate Judge Jurisdiction" form.  (*See* Docket No. 6.)  Petitioner checked the box stating, "**Consent to Magistrate Judge Jurisdiction**[.] In accordance with 28 U.S.C. § 636(c), I

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: June 10, 2014.

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

voluntarily **consent** to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment."

"Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Petitioner is the only "party" to the proceeding to date, and she has consented to the jurisdiction of the undersigned United States Magistrate Judge. Respondent has not yet been served with the Petition and, therefore, is not yet a party to this action. *See, e.g.,* Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'"). When, as here, the petitioner has consented to magistrate judge jurisdiction and the respondent has neither been served with process nor appeared in the action, a magistrate judge may properly exercise consent jurisdiction over the case pursuant to Section 636(c)(1), including by ordering that dismissal of the action is warranted. Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction to dismiss a prisoner's 42 U.S.C. § 1983 action, *sua sponte* and pursuant to 28 U.S.C. § 1915A screening, when the prisoner checked the box on a consent form that read "The undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case," and no defendant had yet been served in the action). *See also* Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter."); Olivar v. Chavez, 2013 WL 4509972, at *2 (C.D. Cal. Aug. 23, 2013) (Case No. CV 13-4112) (finding that a magistrate judge may dismiss a habeas petition with prejudice as untimely when the petitioner had consented to have a magistrate judge conduct all case proceedings in the case and respondent had not been served); Brown v. Baca, 2013 WL 502252, at *1 n.2 (C.D. Cal. Feb. 8, 2013) (Case No. CV 13-745) (finding that a magistrate judge had jurisdiction to summarily dismiss a Section 2241 petition brought by a pretrial detainee awaiting criminal trial before respondent filed an answer, because the petitioner had consented to magistrate judge jurisdiction and respondent "ha[d] not yet been served with the Petition and therefore [wa]s not a party to this proceeding"); Carter v. Valenzuela, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (Case No. CV 12-5184) (citing Wilhelm and finding that the magistrate judge had the authority to deny a successive habeas petition when the petitioner had consented and respondent had not yet been served with petition); Williams v. Ahlin, 2011 WL 1549306, at *6–*7 (E.D. Cal. April 21, 2011) (Case No. 11-cv-00049) (finding that the magistrate judge had jurisdiction to dismiss a habeas action when the petitioner signed and filed a consent form, and at the time of dismissal, the named respondent had not appeared in the action).